IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:26-CR-00004-D

**United States of America**,

v.

**Brandon Jeffrey Miller**,

           Defendant.

**Order**

On May 4, 2026, the defendant pleaded guilty to violating 18 U.S.C. § 922(g)(1). After the court accepted the defendant's plea and adjudged him guilty, the United States requested that the defendant be detained pending sentencing. The court heard from both parties on the merits of that request.

Federal law requires that, in most cases, "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" must be detained. 18 U.S.C. § 3143(a)(1). There are two exceptions to this rule. First, the court need not detain a defendant if the United States Sentencing Guidelines do "not recommend a term of imprisonment." *Id.* And second, a defendant can remain at liberty if the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" *Id.*

For the reasons stated on the record, the court finds that it is appropriate to detain the defendant pending sentencing. The defendant has not shown that either exception to the general requirement of detention applies.

Thus, the court grants the United States' motion for detention. The defendant is remanded to the custody of the United States Marshal for confinement in a corrections facility. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. When ordered by this court or requested by an attorney for the United States, the person in charge of the corrections facility must deliver the defendant to a United States Marshal to appear in court.

Dated: May 4, 2026

_____
Robert T. Numbers, II
United States Magistrate Judge